IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

STATE OF WISCONSIN LOCAL
GOVERNMENT PROPERTY
INSURANCE FUND and THE
TRAVELERS INDEMNITY COMPANY

    Plaintiffs,

v.

CH2M HILL, INC., a foreign corporation,

    Defendant.                                   Case No. 02-C-302-DRH

## MEMORANDUM & ORDER

**HERNDON, District Judge:**

### I. INTRODUCTION

    This Order will address two post-trial motions filed after judgment was entered in defendant CH2M Hill, Inc.'s ("CH2M") favor and against plaintiffs State of Wisconsin Local Government Property Insurance Fund and The Travelers Indemnity Company (collectively, "Plaintiffs") (*see* Doc. 152). Specifically, CH2M filed its Motion for Attorney Fees (Doc. 158) and Motion for Taxation of Costs, with accompanying Bill of Costs (Docs. 159 & 162). In short, Plaintiffs have opposed both of CH2M's motions (Docs. 164 & 166). As is proper, the parties have sufficiently briefed the respective issues now before the Court.

## II. ANALYSIS

### A. CH2M's MOTION FOR ATTORNEYS' FEES

CH2M has moved, pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 54(d)**, for an award of attorneys' fees in the amount of $824,000 (Doc. 158). Essentially, CH2M claims that by virtue of the Judgment entered in its favor in this case, it is the "prevailing party" (Doc. 160, p. 2), and is thereby entitled to be reimbursed for its attorneys' fees under the "prevailing party provision" ("PPP") in the "Master Agreement" between itself and Plaintiffs' insured, MMSD (*Id.*). The PPP states:

> In the event of any court action brought by either party against the other to enforce any of the obligations hereunder or arising out of any dispute concerning the terms and conditions hereby created, the losing party shall pay the prevailing party such reasonable amounts for attorneys' fees, costs, and other litigation expenses as may be set by the court.

(Ps' Trial Ex. 28, p. E6.)

CH2M continues by noting that Plaintiffs' original Complaint of Feb. 18, 2002 referred to the Master Agreement (Complaint, ¶ 7), asserting CH2M breached it in various ways (Comp. at ¶ 16). This breach of contract claim remained part of Plaintiffs' suit until it was dismissed on March 25, 2004, pursuant to the Court's ruling on a summary judgment motion (Doc. 72). CH2M further asserts that although the issue at trial was based upon a negligence theory, the contractual arrangements between MMSD and CH2M remained the core of the case, as Plaintiffs'

tort claim arose from the language in the Master Agreement (*see* Doc. 72, p. 24, where the court stated, "[I]n this case, the tort remedy sought by the plaintiffs is actually in the contract."). In other words, CH2M claims that without language in the contract permitting the tort/negligence claim, the entire case would have been disposed of at summary judgment – as such, Plaintiffs should not benefit from the contractual language without also accepting responsibility that may later arise from the same contract (Doc. 160, pp. 2-3). Moreover, Plaintiffs used contractual provisions and task orders as evidence during trial.

Among other things, Plaintiffs argue that Wisconsin state law controls whether to award attorneys' fees to a prevailing party: Wisconsin follows the American rule generally, but allows an exception where recovery is expressly authorized by contract or statute (Doc. 167, pp. 2-5). However, it is crucial that a contract clearly and unambiguously provide for this recovery. Plaintiffs argue that there is no contractual agreement between them and CH2M allowing for the recovery of attorneys' fees (*Id.*). Plaintiffs feel that the PPP has no application in this case, as the case is *not* an action "to enforce obligations" under the Master Agreement or an action arising out of a "dispute concerning terms and conditions" of the contract (explaining that an action to enforce a contract would be one for specific performance and an action arising out of a contract dispute would be a declaratory judgment action) (*Id.* at 7). Plaintiffs assert that the surviving professional negligence claim did not arise from the Master Agreement (*Id.* at 4-5, citing the Court's Order stating, "Unlike the breach of contract claim, the negligence claims need not be grounded in

any specific task order or project." (Doc. 72, p. 20)).

Further, Plaintiffs explain that the references to either the Master Agreement or Task Orders during trial were to show the jury areas of responsibility of the part of CH2M and MMSD, but in no way should these references change the nature of the negligence action or make this into an action about enforcing a contract or disputing its terms & conditions (*Id*. at 6). Lastly, Plaintiffs argue that the application of the PPP should not be enlarged to include this case, because if the parties had wanted the PPP to be all-inclusive, they would have included language that the clause apply to "any action" or "every action" – and they did not. Plaintiffs cite to **Hunziger Constr. Co. v. Granite Resources Corp., 538 N.W.2d 804, 809 (Wis. App. 1995)**, in support of the notion that well-settled Wisconsin precedent does not allow a court to expand an attorneys' fee clause in include something the parties have explicitly chosen not to include (Doc. 167, pp. 7-9).

Although this case was lengthy and somewhat extensive, beginning with several different claims, it narrowed down to one triable issue: whether CH2M was negligent in its design and other operational needs of the MMSD treatment facility, and if so, whether such negligence caused the explosion occurring at the MMSD facility on February 20, 1996. This issue boiled down to a pure negligence case. A prima facie case of negligence requires a showing that defendant owed plaintiff a duty, defendant breached that duty and plaintiff was harmed as a result. ***See, e.g., Geboy v. TRL, Inc.*, 159 F.3d 993, 1000 (7th Cir. 1998)**. Plaintiffs used the

Master Agreement as evidence to substantiate the existence of a duty of care owed by CH2M to Plaintiffs (as insurers of MMSD). This was not, as CH2M suggests, an action to enforce the Master Agreement. Therefore, the PPP is not be applicable in this instance to entitle CH2M to attorneys' fees. Without such contractual exception, the American Rule applies, requiring that each party bear its own attorneys' fees. Accordingly, CH2M's Motion for Attorneys' Fees (Doc. 158) is **DENIED**.

## B.     CH2M's MOTION FOR TAXATION OF COSTS

CH2M moves, pursuant to **Rule 54(d)**, for an award of costs as set forth in the Bill of Costs accompanying its Motion (Docs. 159 & 162):

| | | | |
|---|---|---|---|
| (1) | Fees of the Clerk | | $     150.00 |
| (2) | Fees for service of summons and subpoena | | $  2,645.00 |
| (3) | Fees of court reporter for all/part of transcript obtained for use in case | | $14,073.00 |
| (4) | Fees for witnesses (itemized separately) | | $  3,377.92 |
| (5) | Fees for exemplification and copies of papers for use in case | | $23,403.82 |
| **TOTAL:** | | | $43,649.74 |

CH2M has also filed four lengthy exhibits to support its Bill of Costs. Exhibit 1 includes: (i) an itemized Schedule of Fees for the process server; (ii) an itemized Schedule of Fees for the court reporter; (iii) an itemized Schedule of Fees for the witnesses; (iv) an itemized Schedule of Fees for photocopy costs; and (v) copies of invoices from the process serving agency. Exhibit 2 includes copies of

invoices from the court reporting agency. Exhibit 3 includes invoices for witness fees/expenses. Exhibit 4 includes invoices for photocopying.

Generally, Plaintiffs object to CH2M's motion and costs as listed, arguing they are not reasonable or necessary, but instead excessive and duplicative, incurred for convenience of CH2M's counsel. Plaintiffs argue that much of the discovery was also already taken in *Michael Simmons v. CH2M Hill* case – such as the depositions of Don Kutz, Michael Wegner, Dave Snortum, Gary Becker and Michael Simmons –but CH2M chose to re-depose them for the instant case. Plaintiffs also argue that CH2M is claiming costs for copying 137,654 pages of documents, but only used 438 pages at trial as admitted exhibits – which is less than half of one percent of the total costs. Additionally, Plaintiffs argue that CH2M deposed ten individuals, none of whom testified at trial, stating this was unreasonable and unnecessary as a cost to impose upon Plaintiffs.

Taxable costs are allowed pursuant to **28 U.S.C. § 1920**.[1] In this case,

---

[1] **28 U.S.C. § 1920 Taxation of Costs**, states in pertinent part:

> A judge or clerk of any court of the United States may tax as costs the following:
> **(1)** Fees of the clerk and marshal;
> **(2)** Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
> **(3)** Fees and disbursements for printing and witnesses;
> **(4)** Fees for exemplification and copies of papers necessarily obtained for use in the case;
> **(5)** Docket fees under section 1923 of this title;
> **(6)** Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under
> section 1828 of this title.

A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

the Court will also follow the guidance of the United States District Court for the Eastern District of Wisconsin Civil Local Rule 54.2 ("Civ. L.R. 54.2").[2] However, it

---

[2]**Civ. L.R. 54.2** states in pertinent part:

> **(a) Fees of the Court Reporter for All of or Any Part of the Transcript Necessarily Obtained for Use in the Case.** The costs of the original transcript, if paid by the taxing party, and the cost of the taxing party's copy (not to exceed the fee of the court reporter set by General L.R. 80.3) are taxable. The costs of a transcript of matters prior or subsequent to trial when necessary for appeal, or when requested by the Court or prepared pursuant to stipulation of the parties and necessarily obtained for use in the case are also taxable. In the case of a daily transcript, the parties must follow Civil L.R. 54.2(e).
>
> **(b) Deposition Costs.** The court reporter's charge for the original of a deposition, if paid by the taxing party, and the taxing party's copy are taxable if the deposition was reasonably necessary for use in the case, whether or not it was used at trial. Reasonable expenses of the reporter, the presiding notary or other official and postage costs for sending the original deposition to the Clerk of Court for filing are taxable. Counsel's fees and expenses in attending and taking the deposition are not taxable. Per diem attendance fees for a witness at a deposition are taxable as per 28 U.S.C. § 1821. A reasonable fee for a necessary interpreter at the taking of a deposition is taxable.
>
> **(c) Witness Fees, Mileage, and Subsistence**. The rate for witness fees, mileage, and subsistence are fixed by statute. (See 28 U.S.C. § 1821 and Civil L.R. 54.2(e).) Such fees are taxable whether or not the witness attends voluntarily or is under subpoena, provided the witness testified at the trial and received a witness fee. No party shall receive witness fees for testifying in his or her own behalf. Fees for expert witnesses are not taxable in a greater amount than that statutorily allowable in the case of ordinary witnesses, except in exceptional circumstances by order of the Court.
>
> **(d) Costs of copies** of papers reasonably necessary for use in the case are taxable. (See 28 U.S.C. § 1920(4).) Papers include, but are not limited to, maps, charts, photographs, summaries, computations and statistical comparisons.
>
> **(e) Costs of demonstrative evidence created for use in the case, daily transcripts, witness fees for mileage for trial witnesses coming from outside of the district in excess of 100 miles from the place of trial, and expert witness fees in excess of the statutory allowance**, must never be taxed unless the party requesting taxation obtained Court approval on motion for such costs brought prior to the time the costs were incurred, and in the case of demonstrative evidence, prior to the time such evidence is used at trial.

is within the district court's discretion to determine which expenses sought by CH2M fall within the ambit specifically recognized by law and whether these claimed expenses are also reasonable, given the circumstances. ***See State of Ill. v. Sangamo Construction Co.*, 657 F.2d 855, 863-64 (7th Cir. 1981)**. A separate analysis will be conducted of each category of CH2M's claimed expenses to determine the proper taxation of costs.

### 1. Clerk Fees

CH2M has indicated an amount of **$150.00** for "fees of the clerk" on its Bill of Costs (Doc. 162). Given the complexity of this case and Plaintiffs' silence on this matter, the Court deems this cost to be allowable pursuant to **28 U.S.C. § 1920** and reasonable in its amount. The entire amount of **$150.00** is therefore taxable against Plaintiffs.

### 2. Fees for Service of Summons and Subpoenas

CH2M claims costs in a total amount of $2,645.00 for the expenses incurred for service of summons and subpoenas for witnesses for deposition or trial, as reflected in its Bill of Costs (Doc. 162) and also in an itemized schedule attached as Exhibit 1. Plaintiffs object to this amount, arguing that CH2M made no attempt to first determine if Plaintiffs would have voluntarily produced the current and former MMSD employees so that there would have been no service costs. Secondly, Plaintiffs believe CH2M should have just served via certified mail instead of procuring a costly detective service and therefore, assert that these fees are not

taxable.

To counter Plaintiffs' objection, CH2M submitted affidavit of one of its attorneys, Steven Nelson, stating that he initially asked Plaintiffs' counsel to accept service for the fact witness depositions and was refused. Nelson continues to state in his affidavit that he would not have had to effectuate personal service upon these deponents had Plaintiffs' attorneys been cooperative and accepted service of the subpoenas. CH2M also submitted an affidavit of another of its attorneys, Francis Croak, stating that the Hawk Detective Agency they used as process server routinely serves process in this district. CH2M further argues that there is no requirement they attempt service via certified mail before attempting personal service, or that using a detective agency is not a proper method to effectuate service. Plaintiffs' attorneys deny CH2M's allegations that they refused to accept service of the subpoenas.

The Court does not find it a legal requirement to ask the opposing party to accept service before attempting to serve a witness, although it is generally a matter of courtesy practiced between counsel. Regardless of either party's arguments, the Court finds that under law, the fees incurred for serving subpoenas on witnesses is a taxable cost, but such cost should not exceed the costs a party would have incurred had the U.S. Marshal's office effected service, as only the marshal's fee amount is actually statutorily authorized. ***See, e.g., Griffith v. Mt. Carmel Medical Ctr.*, 157 F.R.D. 499, 507–8 (D. Kan. 1994)**. The U.S. Marshal's Office for the United States District Court for the Eastern District of Wisconsin

charges a rate of $45.00 per hour (plus $0.44½ per mile) for serving summons and subpoenas. CH2M had every right to employ a private process serving agency to conduct this task – however, it may not be reimbursed for more than what is statutorily allowed.

It appears from the process serving agency invoices submitted by CH2M as part of Exhibit 1, that the hourly rate charged by the process server averaged at about $55.00 to $60.00 per hour. It further appears that the process server did not charge separately for mileage, but incorporated that into the hourly rate. Although there is no way to precisely determine equivalence with the information before the Court, it is reasonable to find the process server's hourly rate approximately the same as the U.S. Marshall's once the mileage reimbursement is incorporated. However, the Court cannot determine how two of the individuals served, Ann Heidkamp and Karen Zoller, were necessary to the case, as CH2M has not provided a reason, nor can their names be found on the witness lists or initial disclosures, and they did not testify at trial (*see* section B(3) of this Order, *infra*). Therefore, service costs associated with these two individuals in the amount of $220.00 will *not* be taxed against Plaintiffs. Therefore, the Court finds an amended amount of **$2,425.00** is taxable against Plaintiffs.

3. **Court Reporter Fees**

Initially, CH2M listed a taxable total amount of $14, 073.00 allocated for court reporter fees for all/part of transcript obtained for use in the instant case. Plaintiffs objected to these costs for several reasons. First, Plaintiffs state that CH2M

Page 10 of 19

Case 1:02-cv-00302-DRH    Filed 04/07/06    Page 10 of 20    Document 181

deposed 15 witnesses, none of whom testified during trial, and that four of these witnesses were actually redundant, as they were previously deposed in the ***Simmons*** case. Plaintiffs further believe that even if the Court determines all of the depositions were reasonably necessary, the costs should be reduced because they contain additional unnecessary charges incurred solely for the convenience of CH2M's attorneys, such as: charges for ASCII disks, priority mail, multi-page transcripts, manuscripts, unexplained administrative and handling fees, unexplained courier and delivery/shipping & handling charges, laser copies, copies of exhibits counsel already had. Plaintiffs also find the copy rate of $.50/page to be unreasonable.

Despite the fact that CH2M believes all the expenses to be reasonably necessary, it has stated that it will reduce some of the deposition transcript and court reporter fees, asking only for costs relating to court reporter fees and transcripts; amounting in a reduction of $1,039.10, to thereby amend the total amount sought to be taxed against Plaintiffs to $13,033.90.

Under **Civ. L.R. 54.2**, the following deposition and court reporter fees are properly taxable: (1) court reporter's charge for the original deposition (if paid by CH2M); (2) CH2M's copy (if reasonably necessary to case, whether or not used at trial); (3) reasonable expenses of court reporter and/or presiding notary or other official; (4) postage costs for sending original transcript to Clerk of Court for filing; (5) reasonable interpreter fees. What is *not* taxable is any of the attorneys' fees and expenses incurred while attending or taking such deposition. Per diem attendance

fees for witnesses are taxable pursuant to **28 U.S.C. § 1821**.

The Seventh Circuit maintains that "costs may be awarded for deposing a witness who is not called at trial as long as the deposition was necessary when taken." ***Finchum v. Ford Motor Co.***, **57 F.3d 526, 534 (7th Cir. 1995)**. CH2M justifies the need for deposing all but two of the 15 witnesses it lists in its itemized schedule of court reporter fees. The majority of the witnesses either testified at trial (via live testimony or deposition transcript read into the record), were deposed by Plaintiff or were identified by the parties in either their **Rule 26(a)** initial disclosures or their pretrial report witness lists. However, CH2M has included court reporter fees for both Karen Zoller and Ann Heidkamp – neither of whom testified at trial nor were included on any of the parties' witness lists or initial disclosures. In other words, CH2M has failed to demonstrate exactly why depositions of these two individuals were reasonably necessary to the trial when taken. As such, court reporter fees and other costs associated with their deposition will not be taxable.

Further, the Court finds that under the plain language interpretation of both **28 U.S.C. § 1920** and **Civ. L.R. 54.2**, CH2M's proposed method of taxing costs for some of the deposition court reporter fees – i.e., asking only for costs related to the original (if applicable) and one copy of the transcript and the court reporter fee (also, if applicable) – is the most appropriate way to reasonably assess the taxable costs for all of the depositions on its itemized schedule, with the exception of Heidkamp and Zoller. Therefore, determining that the only taxable costs are as

stated, the Court finds the amended amount of **$12,915.85**[3] is taxable against Plaintiffs.

4. **Witness Fees**

It its Bill of Costs, CH2M originally claimed taxable costs for witness fees in the amount of $3,377.92 (Doc. 162). CH2M also submitted various corresponding invoices for the claimed witness fees as Exhibit 3. Plaintiffs object, stating that under **Civ. L.R. 54.2(c),** in order for a party to recover witness fees, the witness must have testified at trial *and* received a witness fee, which therefore would eliminate: (1) Marv Murray (did not testify at trial), and (2) Smith, Guthrie, Shotts, Murray, Damkot and DeMel (CH2M's employees who were not paid witness fees, but only their regular salary). Additionally, Plaintiffs argue **Civ. L.R. 54.2(c)** states "no party shall receive witness fees for testifying on his or her own behalf," and therefore CH2M's employees should not be considered, or else each should be limited to $40.00 per day (includes Smith, Guthrie, Shotts, Murray, Damkot and DeMel). Plaintiffs also state that **Civ. L.R. 54(e)** does not allow witness fees for trial witnesses' mileage reimbursement in excess of 100 miles unless party *first* obtained court approval on motion for costs brought *prior* to time costs were incurred. Because CH2M failed to obtain such prior approval, Plaintiffs assert that the mileage for CH2M's employees, Smith, Guthrie, Shotts, and Murray, are not taxable.

---

[3] Allowing only fees for court reporter, original and one copy of the deposition transcript (if applicable) for all witnesses listed by CH2M except for Heidkamp and Zoller, the Court found the following amounts were taxable, as shown in Appendix 1 to this Order.

Page 13 of 19

Case 1:02-cv-00302-DRH   Filed 04/07/06   Page 13 of 20   Document 181

Responding to Plaintiffs' objections, CH2M has agreed to withdraw its request for witness fees for its employees, Smith, Shotts, Murray, Damkot and DeMel. However, CH2M argues that witness Guthrie is not one of its employees, but because he traveled over 100 miles without prior court approval for such fees pursuant to **Civ. L.R. 54.2(e)**, his request for mileage reimbursement should be reduced accordingly – as is also the case for witnesses Smith, Shotts and Murray. Therefore, CH2M has reduced the amount sought as taxable costs from $3,377.92 to $584.

Although Plaintiffs continue to object to the reduced amount, stating there is no reason why any of the remaining witness expenses exceed a cost of $40.00, the Court notes that **Civ. L.R. 54.2(c)** adheres to the statutorily-authorized rates stated in **28 U.S.C. § 1821**. A witness, whether fact or expert, is allowed an attendance fee of $40.00 a day. **28 U.S.C. § 1821(b)**. However, a witness is also entitled to be paid time for travel plus mileage reimbursement (given the 100 mile rule exception as stated in **Civ. L.R. 54.2(e)**). **28 U.S.C. § 1821(b) and (c)(2)**. Therefore, the amounts CH2M seeks for reimbursement of witnesses Kutz, Munsey, Wegner and Krueger ($48.00, $55.00, $55.00, and $48.00, respectively) are reasonable in light of the fact that they most likely have included reimbursement for the witnesses' travel time and mileage reimbursement.

Yet even though it has proposed a reduction of charges, CH2M continues to seek a higher amount for witness Niessen in the amount of $209.00 and Guthrie

in the amount of $169,00. CH2M fails to explain why the amount sought is higher than the ordinary witness fee. Moreover, the invoices attached as Exhibit 3 do not show why this higher amount is reasonably necessary. As such, the Court cannot justify finding it taxable. Without proper documentary support as required by statute, the Court can only award the amount of $40.00 for each of the two witnesses. Therefore, the Court finds that the amended amount of **$286.00** is properly taxable against Plaintiffs.

### 5. Fees for Exemplification and Copies of Papers for Use in Case

In its Bill of Costs, CH2M seeks reimbursement in expenses incurred for exemplification and copies of papers necessarily obtained for use in the case in the whopping amount of $23,403.82 (Doc. 162). CH2M has submitted a plethora of copying invoices as Exhibit 4 to substantiate this amount sought to be taxed. Plaintiffs object, arguing that the costs for 137,654 pages of copies is excessive when CH2M used only 438 pages during trial. Plaintiffs also point out that the copying invoices CH2M submitted fail to list an explanation of what the majority of the charges were for, making it impossible to validate their reasonableness and necessity. CH2M counters Plaintiffs' objections, stating that it is not required by law to "identify every xerox copy made for use in the course of legal proceedings" (Doc. 169, p. 8, citing **Fogleman v. Arabian American Oil Co., 920 F.2d 278, 286 (5th Cir. 1991)**). CH2M instead asserts that it has not attempted to tax Plaintiffs for multiple copies, but only those external in nature (such as for copies produced by

MMSD, copies required by Plaintiffs' experts for their files, and copies for documents in Plaintiffs' possession, trial exhibits, etc.). Also, given the complexity and lengthy duration of this case, CH2M believes the number of copies is not unreasonable, nor has Plaintiffs shown their copying costs were demonstrably lower. Further, CH2M asserts that the fact it only used 438 pages as trial exhibits should not be held against it as it is the job of counsel to pare down the most effective information for use at trial – and discovery is the process by which a party must attempt to gather any relevant information it can. Plaintiffs assert that CH2M made discovery unnecessarily lengthy and document-intensive; Plaintiffs also assert that CH2M cites ***Fogleman*** out of context (see Doc. 175, p. 11), as ***Fogleman*** states that some demonstration that the copying costs necessarily resulted from the litigation is required.[4] As such, Plaintiffs argue CH2M has not met its burden in demonstrating

---

[4] The full context of ***Fogleman***, **920 F.2d at 286 (emphasis added)**, states as follows:

> Lastly, the Foglemans contend that ARAMCO's bill of $2,419.12 for reproduction costs is excessive. The cost of copying other documents is subject to the same standard as that of copying depositions: reproductions necessarily obtained for use in the case are included within taxable costs, provided that the prevailing party demonstrates that necessity. ARAMCO has provided no itemized breakdown of the copying costs incurred, beyond distinguishing those duplicated in house by its counsel and those duplicated elsewhere. It is therefore impossible to tell to what extent copies charged to ARAMCO were necessarily obtained for use in the case rather than obtained simply for the convenience of counsel. ***While we certainly do not expect a prevailing party to identify every xerox copy made for use in the course of legal proceedings, we do require some demonstration that reproduction costs necessarily result from that litigation. The Foglemans should be taxed for the cost of reproducing relevant documents and exhibits for use in the case, but should not be held responsible for multiple copies of documents, attorney correspondence, or any of the other multitude of papers that may pass through a law firm's xerox machines.*** We therefore remand to the district court to determine whether the reproduction costs claimed were necessarily incurred.

Page 16 of 19

Case 1:02-cv-00302-DRH    Filed 04/07/06    Page 16 of 20    Document 181

the necessity for the copying costs it seeks to tax against Plaintiffs.

Plaintiffs argue the copying costs are unnecessary, and CH2M states that they are necessary. Most of the invoices included by CH2M in Exhibit 4 to the Bill of Costs do not adequately describe what was being copied – the invoices largely just state "copies" as the narrative description, although some of the oversized copies are obviously for demonstrative evidence/exhibits, and some of the invoices do indicate "litigation boards" or "litigation copies" or "copies requested by Plaintiffs." Clearly, given all the invoices which are non-specific and the fact that CH2M seeks taxable costs for over 100,000 copies – the Court cannot merely take CH2M's word for it that all were necessary to the case and statutorily authorized.

The Court can, however, "guestimate" that many copies were required of a case of this complexity and lengthy duration. While the Court certainly notes Plaintiffs' objections, they cannot point to which copies were unnecessary either. Understandably, CH2M will use less copies as exhibits in trial than it produced and/or requested during discovery – to do otherwise would be very unusual in a big case. Had Plaintiffs truly felt CH2M was abusing the discovery process (as implied within Plaintiffs' objections), they should have filed the appropriate discovery/sanction motion with the Court during the discovery phase of this case. Addressing this now as an objection is not effective.

Realizing that it would be a waste of the Court's time and taxpayers' money to attempt some type of in-camera inspection of the copied documents to see if all 100,000+ pages were reasonably necessary to the case, the Court will award a

percentage of the amount sought by CH2M. This is the most efficient solution the Court can contrive, as CH2M has not provided sufficient explanation for why all the charges sought were necessary, but the Court recognizes that a decent portion of these copies were used either for exhibits or furnished to the Court or opposing counsel. ***See Arachnid, Inc. v. Valley Recreation Products, Inc.*, 143 F.R.D. 192, 193 (N.D. Ill. 1992)**. Therefore, the Court finds **$ 7,800.00**. a third of the amount sought by CH2M for expenses incurred for exemplification and copies of papers necessarily obtained for use in the case, as reasonable to tax against Plaintiffs.

### III. CONCLUSION

For the reasons stated within this Order, the Court finds the Plaintiffs are not obligated to pay for CH2M's attorneys' fees and therefore, CH2M's Motion for Attorneys' Fees (Doc. 158) is hereby **DENIED.** The Court also finds the following amended amounts are taxable against Plaintiffs in the instant case:

| | | |
|---|---|---|
| (1) | Fees of the Clerk | $ 150.00 |
| (2) | Fees for service of summons and subpoena | $ 2,425.00 |
| (3) | Fees of court reporter for all/part of transcript obtained for use in case | $12,915.85 |
| (4) | Fees for witnesses (itemized separately) | $ 286.00 |
| (5) | Fees for exemplification and copies of papers for use in case | $ 7,800.00 |
| **TOTAL:** | | **$23,576.85** |

The amount of taxable costs as stated in CH2M's original Bill of Costs has hereby been amended by the Court. Accordingly, CH2M's Motion for Taxation of Costs (Doc. 159) is hereby **GRANTED IN PART AND DENIED IN PART**, as the Court has determined certain costs are taxable but not in the amount originally requested by CH2M. The Clerk of the Court shall therefore enter a taxation of costs against Plaintiffs in this matter in accordance with this Order in the total amount of **$ 23,576.85.**

**IT IS SO ORDERED.**

Signed this 7th day of April, 2006.

/s/       David  RHerndon
**United States District Judge**

# APPENDIX 1

| Witness | Taxable Amount |
|---|---:|
| J.C. Dahn | $ 366.60 |
| Ronald Pape | $ 379.60 |
| Walter Niessen | $ 482.50 |
| Walter Niessen (Pt. II) | $ 316.20 |
| David Flowers | $ 491.40 |
| Andrew Dickens | $ 664.10 |
| Andrew Dickens (Pt. II) | $ 941.50 |
| Marvin Murray & Richard Frankenfield | $ 373.65 |
| Michael Link | $ 475.60 |
| David Gatewood | $ 317.20 |
| Wayne St. John | $ 515.40 |
| David Flowers (Pt. II) | $ 353.50 |
| Robert Moser | $ 254.50 |
| Gary Becker | $ 508.00 |
| John Brzezinski | $ 271.00 |
| Judy Grzegorski | $ 257.80 |
| Daniel Landis | $ 264.40 |
| Richard Birner | $ 700.40 |
| Michael Wegner | $ 419.50 |
| Frank Munsey | $ 928.10 |
| Robert Zwitter | $ 346.90 |
| Donald Kutz | $ 918.20 |
| David Snortum | $ 604.70 |
| John Jankowski | $ 571.30 |
| Charles Shotts | $ 289.05 |
| Keith Damkot | $ 225.60 |
| Gary Beech | $ 209.15 |
| Robert Vilker | $ 180.00 |
| Alan Scrivner | $ 290.00 |
| **TOTAL** | **$ 12,915.85** |